ALBANY,
October, 1829.

Cumpston
v.
Field.

CUMPSTON, administrator, &c. *vs.* FIELD and BRACKET*i*

*A second fi-*
*eri facias can-*
*not issue, until*
*after the re-*
*turn of a pre-*
*vious execu-*
*tion.*

DEMURRER to replication. The *declaration* was on a *scire facias quare executionem non* on a judgment obtained by the intestate against the defendants for $1843,54 in assumpsit. The defendants *pleaded*, that in the life time of the intestate a writ of *fieri facias* was issued upon the judgment obtained against them, directed and delivered to the sheriff of Onondaga, who, by virtue of the same, levied upon the property of the defendants to a large amount, to wit, to the amount of $5000, and subsequently sold the same to the full amount due on the execution; and averred that the sheriff had not made any *return* upon the execution, concluding with a verification and prayer of judgment. The plaintiff *replied*, that he ought not to be precluded from having his execution, because the sheriff of Onondaga did not *sell* the property alleged to have been levied upon for the full amount due on the execution. The defendants *demurred*, and the plaintiff joined.

*I. R. Lawrence*, for defendants, cited Bacon's Abr. 107, 124, 720, tit. Execution ; 2 Mod. 214 ; 2 Wilson, 82 ; 1 Salk. 318 ; 6 Taunton, 370 ; 1 Archbold's Pr. 270 ; 2 Ld. Raym. 1072 ; 4 Cowen, 417 ; 7 id. 13.

*W. H. Seward*, The return of the previous execution was not necessary. This court refused to set aside a *habere facias possessionem* because a previous writ of possession was not returned. (9 Johns. R. 391.) Issue is taken by the replication upon the only material allegation in the plea, viz. the sale of the property to the full amount of the execution.

*By the Court*, MARCY, J. The plea is perhaps liable to the objection of duplicity ; but this objection can be taken advantage of only by special demurrer. (1 Saund. 337, n. 3. 1 Chit. Pl. 513.) The plaintiff has seen fit to waive this advantage and to reply. To his replication there is a demurrer upon the ground that it does not traverse all the mate-

rial facts contained in the plea. It is contended that the

plaintiff cannot have execution until the former execution is
returned. If this be so the demurrer is well taken. A seiz-
ure and sale under the execution, issued in the life time of the
intestate, is admitted by the replication, and the allegation
that the execution has never been returned is not denied.
The plaintiff in replying only traverses and denies the allega-
tion that the whole amount of the judgment was levied by the
sale.

The seizure and sale being admitted, a second execution
cannot regularly be issued till the former is returned. The
second writ must recite the first and the return of the sheriff
thereon. (2 Wilson, 82. 1 Salk. 316. 6 Taunt. 370. 1
Arch. Pr. 270.) In the case of *Jackson, ex dem. Thompson*, v.
*Stiles*, (9 Johns. R. 391,) the court, on special application,
and, it is to be presumed, for good cause shewn, permitted
the plaintiff to have a second *habere facias possessionem*, the
first not having been returned. It is evident that the party
had not obtained the object sought by the first writ. A dif-
ference exists between a writ of possession and a fieri facias.
The former directs a specific act, and if several such writs
were to issue on the same judgment it could work no incon-
venience to the defendant. All that could be done, whether
there were one or more writs, would be to dispossess him
and deliver to the plaintiff the identical premises recovered.
Such would not be the case where several writs of *fieri fa-
cias* against the property of the defendant were issued; for
thus several satisfactions for the same debt might be obtain-
ed. It is necessary that the court should see what had been
done on the first writ to enable them to give proper directions
on the second.

It is no doubt true, as the plaintiff contends, that where
there are several facts set forth in a plea, all going to con-
stitute a defence, his replication would be good if he travers-
ed any one of these facts, without which the defence would
be incomplete; but if any fact, not traversed, constitutes a de-
fence, his replication is bad. Such is the character of the
replication in this case, if it is true that the first writ must be

ALBANY,      returned before the second can issue.   If the fact put in issue
October, 1829. by the plaintiff, that the property seized on the first execution
             did not sell for enough to satisfy the judgment, should be found
   Taylor    for him, yet I hold that he is not entitled to another execution
     v.      till it appear what has been done on the first.
   Strong.
                 Judgment for defendant on demurrer, with leave to plaintiff
             to amend on payment of costs.